**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **VINCENT SCOTT BROOKS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CA-345-SS** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 11). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas, in cause number 02-335-K277, styled The State of Texas v. Vincent Scott Brooks.  In a two-count indictment, Petitioner was charged with burglary of a habitation (count 1) and aggravated assault with a deadly weapon, namely, a knife or a machete (count 2).  For purposes of enhancing punishment, the indictment contained one prior felony conviction.  Petitioner pleaded not guilty to the charges.  After hearing the evidence and arguments of counsel, the jury found Petitioner guilty as alleged in the indictment and made an affirmative finding on the use of a deadly weapon.  Petitioner then pleaded true to the enhancement paragraph.  Following a separate punishment hearing, on March 20, 2003, the jury assessed punishment at 50 years imprisonment on each count.

On May 20, 2004, the Third Court of Appeals affirmed the judgment of the trial court. Brooks v. State, No. 03-03-00411-CR, 2004 WL 1114503 (Tex. App. – Austin 2004, pet. ref'd). Petitioner's petition for discretionary review was refused by the Texas Court of Criminal Appeals on October 6, 2004.  Brooks v. State, PDR No. 827-04.  On September 6, 2005, Petitioner filed his state application for habeas corpus relief.  His state application was denied without written order on the findings of the trial court without a hearing on April 12, 2006.  Ex parte Brooks, Appl. No. 63,573-01 at cover.

**B.      Factual Background**

In the early morning hours of February 1, 2002, Alzine Wright awakened to the sound of her front door being broken.  5 SF 81.  After breaking the door to Wright's apartment, Petitioner,

Wright's ex-boyfriend, entered the apartment holding a machete.  5 SF 19-20, 69, 82.  Petitioner tapped the machete against his leg, held it over his head, and said to Wright "we need to talk."  5 SF 83, 89; 6 SF 36.

Wright told Petitioner to leave her apartment, but he refused.  5 SF 87.  Petitioner told Wright that he would kill her.  5 SF 107.  Wright, in fear for her life, managed to evade Petitioner and escaped from her apartment out the door.  5 SF 88.  Wright ran to a neighbor's apartment where she called the police.  5 SF 105. Petitioner fled the scene.  5 SF 20, 41-43.  Police later recovered a machete less than a mile from Wright's apartment.  5 SF 29-32.

After being placed in jail as a result of the offense, Petitioner repeatedly contacted Wright by telephone and by letter.  5 SF 94, 111.  Petitioner attempted to persuade Wright not to cooperate with the State in pursuing charges against him for the offense.  5 SF 99, 108.  One of the telephone calls Petitioner made to Wright from the jail was recorded and that recording was admitted into evidence during Petitioner's trial and played before the jury.  5 SF 96-100.  During that recorded telephone conversation, Petitioner admitted to Wright that he entered her apartment with a weapon. 5 SF 99-100.

## C.    Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1.    The evidence was insufficient to support the deadly weapon finding;

2.    He was denied effective assistance of counsel on appeal when counsel failed to argue the facts and present the issues preserved by objections of trial counsel;

3.    The trial court erred with the improper entry of a deadly weapon finding in the judgment given the alleged failure of the jury to render a decision regarding the deadly weapon issue;

3

4.      The trial court erred by denying his right to cross-examine and confront the State's witness against him;

5.      He was twice convicted and punished for aggravated assault as alleged in the indictment in paragraph one, then again alleged the same offense in paragraph two; and

6.      He was denied effective assistance of trial counsel when she failed to object to the systematic exclusion of blacks from the jury.

**D.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding his claims brought in this application with the exception of Petitioner's claim challenging the sufficiency of the evidence.  Respondent does not move to dismiss Petitioner's application for failure to exhaust his state court remedies.  Rather, Respondent argues Petitioner's unexhausted claim is procedurally barred.

## DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 740 (5th Cir. 2000) (quoting <u>(Terry) Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. <u>See id.</u>

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Id.</u> at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. <u>See</u> 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. <u>See id.</u> Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. <u>See id.</u> § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

## B.    Sufficiency of the Evidence

In his first ground for relief Petitioner argues the evidence is insufficient to support the deadly weapon finding. Petitioner presented this same claim in his state application for habeas corpus relief

but did not raise the claim in his direct appeal.  On state habeas review the trial court concluded Petitioner's claim that the evidence at trial was insufficient to support the deadly weapon finding was not cognizable in a post-conviction writ of habeas corpus.  Ex parte Brooks, Appl. No. 63,573-01 at 40.  Thereafter, the Court of Criminal Appeals denied relief on the findings of the trial court without a hearing.  Although the Court of Criminal Appeals stated no specific reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. West v. Johnson, 92 F.3d 1385, 1389 n. 18 (5th Cir.1996), cert. denied, 520 U.S. 1242, 117 S. Ct. 1847 (1997); Ex parte McLain, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994).  Indeed, the Court of Criminal Appeals recently reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. Ex parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Petitioner's sufficiency claim. Ylst v. Nunnemaker, 501 U.S. 797, 801-07, 111 S. Ct. 2590 (1991).

**C.      Ineffective Assistance of Appellate Counsel**

In his next ground for relief Petitioner argues he did not receive effective assistance of counsel on appeal.  Specifically, he complains counsel failed to argue the facts and present the issues preserved by objections of trial counsel.  However, Petitioner does not specify what issues he believes counsel should have raised.  In his state application for habeas corpus relief Petitioner argued counsel should have raised a point of error related to the trial court's admission of the machete.

6

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right.  Hughes v. Booker, 203 F.3d 894, 896 (5th Cir. 2000) (citing Evitts v. Lucey, 469 U.S. 387, 293-95, 105 S. Ct. 830, 834 (1985)).  Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial.  Id. (citing Penson v. Ohio, 488 U.S. at 84, 109 S. Ct. at 352-54 (citing Strickland v. Washington, 466 U.S. 668, 689-94, 104 S. Ct. 2052, 2065-67 (1984))).  Appellate counsel is not ineffective because he failed to raise the issues presented by the defendant or because he failed to raise every possible point on appeal.  Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991).

On state habeas review the trial court found that appellate counsel did not raise a point of error related to the trial court's admission of the machete.  Ex parte Brooks, Appl. No. 63,573-01 at 40.  The court further found that counsel did not raise this point of error because of the characterization of the machete by Wright as an object "substantially similar" to the weapon displayed by Petitioner during the course of the assault.  Id.  The trial court noted that counsel had determined that the machete offered by the State was admissible either as real or demonstrative evidence.  Id.  The trial court concluded appellate counsel in his representation of Petitioner on appeal was not deficient under Strickland.  Id. at 41.  Specifically, the trial court concluded:

> [Counsel's] decision not to present an issue on appeal related to the trial court's admission of the machete did not constitute a deficiency.  A trial court's decision to admit evidence is subject to the abuse of discretion standard of review.  Montgomery v. State, 818 S.W.2d 372, 391 (Tex. Crim. App. 1990).  The trial court did not abuse its discretion in admitting the machete offered by the State.  Even assuming that the State failed to demonstrate that the machete offered into evidence was the same machete wielded by applicant during the assault, the item was admissible as demonstrative evidence.  Simmons v. State, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981).

Id.

7

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**D.      Deadly Weapon Finding**

In his next ground for relief Petitioner argues the trial court erred with the improper entry of a deadly weapon finding in the judgment given the alleged failure of the jury to render a decision regarding the deadly weapon issue. On state habeas review the trial court found that it had instructed the jury in writing to render a verdict on the issue of whether applicant used or exhibited a deadly weapon during the commission of a felony offense. Ex parte Brooks, Appl. No. 63,573-01 at 40. The state court further found that the jury answered the deadly weapon issue affirmatively. Id. The trial court concluded that it properly submitted the deadly weapon issue to the jury at the guilt-innocence phase of trial, the jury returned an affirmative finding on the deadly weapon issue, and the court properly included a deadly weapon finding in the judgment. Id. at 41.

The state court records confirm the trial court instructed the jury regarding the deadly weapon finding. Tr. at 192. The state court records further confirm the jury answered the deadly weapon issue affirmatively. Tr. at 202. Accordingly, the trial court did not err when the deadly weapon finding was entered on the judgment. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**E.** **Right to Cross Examine**

In his next ground for relief Petitioner argues the trial court erred by denying his right to cross-examine and confront the State's witness, Alzine Wright.  Specifically, Petitioner claims he was prevented from cross-examining Wright about an aggravated battery charge out of Illinois where she received and successfully completed three years probation.

In this case, outside the presence of the jury, Wright testified that she had a prior felony conviction from Illinois for aggravated battery, was then placed on three years probation and assessed a fine.  5 SF 119.  She also stated that she successfully completed her probation in 2000 and has never been convicted of any kind of felony or crime of moral turpitude since the Illinois conviction.  5 SF 120.  On cross-examination, Wright testified that she received a certificate of discharge from the court certifying the successful completion of her probation. 5 SF 121.  Following this testimony, the State asserted that Wright's felony probation, assuming it was successfully served, was not available for impeachment under Rule 609(c)(2) of the Texas Rules of Evidence. 5 SF 121-122.  Defense counsel made no objection, and the trial court construed the State's request that defense counsel not go into that area on cross-examination as a motion in limine.  5 SF 122.  The trial court further instructed, if defense counsel felt that she was going to address that issue, she would need to first approach the bench.  5 SF 122.

The erroneous exclusion of evidence in violation of the right to confront witnesses guaranteed by the Sixth Amendment is subject to harmless-error analysis.  Neder v. United States, 527 U.S. 1, 18 , 119 S. Ct. 1827, 1838 (1999).  A federal court will only grant habeas relief if an evidentiary error in a state trial "is of such magnitude as to constitute a denial of fundamental fairness under the due process clause." Porretto v. Stalder, 834 F.2d 461, 465 (5th Cir. 1987) (citing

Skillern v. Estelle, 720 F.2d 839, 852 (5th Cir.1983), reh'g denied, 724 F.2d 127, cert. denied, 469

U.S. 873, 105 S. Ct. 224, reh'g denied, 469 U.S. 1067, 105 S. Ct. 551 (1984) and Dillard v.

Blackburn, 780 F.2d 509, 513 (5th Cir.1986)).  Erroneous exclusion of evidence is fundamentally

unfair if the evidence was material in the sense that it was crucial, critical, and highly significant. Id.

(citing Skillern, 720 F.2d at 852).

     In this case, the trial court did not err, as the victim testified that she had successfully

completed her term of probation and she had not been subsequently prosecuted.  Rule 609(c)(2) of

the Texas Rules of Evidence provides:

> (c)  Evidence of a conviction is not admissible if . . .
>
> > (2) probation has been satisfactorily completed for the crime for which the person was convicted, and the person had not been convicted of a subsequent crime which was classified as a felony or involved moral turpitude, regardless of punishment.

Furthermore, the trial court did not exclude evidence of the victim's prior conviction.  Rather, the

trial court instructed defense counsel to approach the bench before questioning on such issue.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable

in the state court's application of clearly established federal law or in the state court's determination

of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas

relief.[2]

---

[2]Petitioner also raises this claim under the Texas Constitution.  However, a violation of a state constitution provides no basis for federal habeas corpus relief.  Rault v. Butler, 826 F.2d 299, 302 n.1 (5th Cir. 1987).

**F.      Double Jeopardy**

In his next ground for relief Petitioner argues he was twice convicted and punished for aggravated assault as alleged in the indictment in paragraph one and again in paragraph two.  He essentially claims he was subjected to jeopardy twice for the same offense of aggravated assault with a deadly weapon.

The Double Jeopardy Clause provides "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."  The Supreme Court has interpreted the clause to protect against multiple prosecutions and multiple punishments for the "same offence."  United States v. Cruce, 21 F.3d 70, 72 (5th Cir. 1994) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). The focus is the "offense" for which the defendant is prosecuted and punished, not the particular conduct criminalized by that offense.  See United States v. Flores-Peraza, 58 F.3d 164, 165-66 (5th Cir. 1995).  "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932).  Unless each statute requires proof of at least one factual element not also found in the other statute, the statutes "fail" the Blockburger test and the defendant may not be punished under both statutes absent "a clear indication of contrary legislative intent." Flores-Peraza, 58 F.3d at 166 (quoting Whalen v. United States, 445 U.S. 684, 692 (1980)).

Petitioner was charged in a two-count indictment with burglary of a habitation and aggravated assault with a deadly weapon.  Both counts arose out of the same incident.  Burglary of a habitation can occur when a person without the effective consent of the owner enters a habitation with intent to commit an assault.  See Tex. Penal Code § 30.02(1) (West 2003).  Aggravated assault with a deadly weapon can occur when a person commits an assault as defined in Section 22.01 and

11

the person uses or exhibits a deadly weapon during the commission of the assault.  <u>See</u> Tex. Penal Code §§ 22.01(a)(2), 22.02(a)(2) (West 2003).  As explained by Respondent, the burglary of a habitation offense required entering a habitation without the effective consent of the owner, but aggravated assault with a deadly weapon required a person to intentionally or knowingly threaten another with imminent bodily injury and use or exhibit a deadly weapon during the commission of the assault.  As such, each provision requires proof of an additional fact which the other does not satisfying the <u>Blockburger</u> test.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts.

**G.      Ineffective Assistance of Trial Counsel**

In his final ground for relief Petitioner argues counsel was denied effective assistance of counsel when his trial counsel failed to object to the systematic exclusion of blacks from the jury. Petitioner complains he was convicted by an all white jury.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

<u>Id.</u> at 687, 104 S. Ct. at 2064.  In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's

performance must be highly deferential.  Id. at 686-689, 104 S. Ct. 2064-65.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. at 689, 104 S. Ct. at 2065.  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Id. (Citation omitted).  Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged.  Id. at 695-97, 104 S. Ct. at 2069.  Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 687, 104 S. Ct. at 2064.

Petitioner has failed to show either deficient performance or prejudice concerning this claim. Petitioner fails to offer any evidentiary support for his claims. There is absolutely nothing in the state court records to support Petitioner's claim that counsel failed to raise a valid Batson[3] challenge. Mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  As such, Petitioner's ground for relief should be denied.

---

[3] Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).

13

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE